## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| FACTOR 2 MULTIMEDIA SYSTEMS, LLC, <br> 5802 ORCHARD HILL LANE <br> CLIFTON, VIRGINIA 20124 <br><br> Plaintiff, <br><br> v. <br><br> GUARANTY BANK & TRUST, N.A. <br> 201 SOUTH JEFFERSON <br> MOUNT PLEASANT, TX 75455 <br> Defendant. | CIVIL ACTION NO.    5:25-cv-27 <br><br> Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Factor2 Multimedia Systems, LLC ("Factor2" or "Plaintiff"), by and through its undersigned counsel, alleges as follows for its Complaint against Defendant Guaranty Bank & Trust, N.A. ("Guaranty" or "Defendant").

### THE NATURE OF THIS ACTION

2.      Factor2 brings this action against Guaranty pursuant to 35 U.S.C. § 101 et.  seq. and §§ 271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of the following six patents, U.S. Patent Nos.:

> 8,281,129 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,703,938 "Direct Authentication System and Method Via Trusted Authenticators,"
> 9,727,864 "Centralized Identification and Authentication System and Method,"
> 9,870,453 "Direct Authentication System and Method Via Trusted Authenticators,"
> 10,083,285 "Direct Authentication System and Method Via Trusted Authenticators" and
> 10,769,297 "Centralized Identification and Authentication System and Method."

Collectively the "Patents-in-Suit." Defendant has infringed the Patents-in-Suit, thereby necessitating this lawsuit.

3.      Defendant makes and has made, uses and has used, developed, offers to sell, sells and has sold and charges access to the accused Guaranty System throughout the United States. The Guaranty System includes authentication that directly infringes the system and method claims of the Patents-in-Suit.  The Guaranty System includes a system that includes all of the elements of the system and apparatus claims and that performs all of the steps of the method claims, and or utilizes a separate system for authentication that includes all of the elements of the system and apparatus claims and that performs all of the method claims.  Defendant's "use" of a built in or separate system directly infringes the claims of the Patents-in-Suit.

## THE PARTIES

4.      Plaintiff is a Virginia corporation having an address located at 5802 Orchard Hill Ln, Clifton, VA 20124-1061.  Plaintiff is the owner of the Patents-in-Suit by assignment.

5.      Defendant Guaranty is headquartered in Mount Pleasant, Texas, and has physical places of business in this judicial district.  Guaranty made, used, developed, and sold the accused products and systems and sells access to the accused products and profits from its use of the accused products through advertisement revenue and the like, throughout the United States. Guaranty designs and provides distribution of the Guaranty System and systems.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 271 et seq.

7.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, 281 and 28 U.S.C. §§ 1331 and 1338(a), federal question.

8.      This Court has personal jurisdiction over Defendant Guaranty because Guaranty has a regular and established place of business in this district at 500 West Main Street, Hallsville, Texas 75650 in Harrison County, among multiple other locations in this judicial district.

9.     Venue is proper in this District for Defendant Guaranty pursuant to 28 U.S.C. §§ 1400(a), 1400(b) and because Defendant Guaranty maintains a regular and established place of business in this District.

## BACKGROUND AND GENERAL ALLEGATIONS

10.     Factor2 is the current assignee of the Patents-in-Suit.  Plaintiff has at all times complied with the marking requirements of 35 USC sec. 287.

11.     Defendant provides and sells access to the Guaranty System.

12.     The Guaranty System uses a system and method for authentication that has infringed and infringes claims of each of the Patents-in-Suit.

## THE PATENTS-IN-SUIT

13.     On October 2, 2012, United States Patent No. 8,281,129 ("the '129 Patent") titled "Direct Authentication System And Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '129 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '129 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '129 Patent.  Defendant is not licensed to the '129 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '129 Patent whatsoever.  A true and correct copy of the '129 Patent is attached hereto as **Exhibit A**.

14.     On July 11, 2017, United States Patent No. 9,703,938 ("the '938 Patent") titled "Direct Authentication System And Method Via Trusted Authenticators" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '938 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '938 Patent, including the right to bring this suit

for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '938 Patent.  Defendant is not licensed to the '938 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '938 Patent whatsoever.  A true and correct copy of the '938 Patent is attached hereto as **Exhibit B**.

15.     On July 19, 2017, United States Patent No. 9,727,864 ("the '864 Patent") titled "Centralized Identification and Authentication System and Method" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '864 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '864 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '864 Patent.  Defendant is not licensed to the '864 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '864 Patent whatsoever.  A true and correct copy of the '864 Patent is attached hereto as **Exhibit C**.

16.     On December 27, 2017, United States Patent No. 9,870,453 ("the '453 Patent") titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and legally issued by the United States Patent and Trademark Office ("USPTO").  The '453 Patent claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by assignment of all rights, title, and interest in the '453 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '453 Patent.  Defendant is not licensed to the '453 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '453 Patent whatsoever.  A trued and correct copy of the '453 Patent is attached hereto as **Exhibit D**.

17.     On September 5, 2018, United States Patent No. 10,083,285 ("the '285 Patent")
titled "Direct Authentication System and Method Via Trusted Authenticators," was duly and
legally issued by the United States Patent and Trademark Office ("USPTO").  The '285 Patent
claims patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner
by assignment of all rights, title, and interest in the '285 Patent, including the right to bring this
suit for damages, and including the right to sue and recover all past, present, and future damages
for infringement of the '285 Patent.  Defendant is not licensed to the '285 Patent, either expressly
or implicitly, nor do they enjoy or benefit from any rights in or to the '285 Patent whatsoever.  A
true and correct copy of the '285 Patent is attached hereto as **Exhibit E**.

18.     On August 19, 2020, United States Patent No. 10,769,297 ("the '297 Patent")
titled "Centralized Identification and Authentication System and Method." was duly and legally
issued by the United States Patent and Trademark Office ("USPTO").  The '297 Patent claims
patent-eligible subject matter and is valid and enforceable.  Factor2 is the exclusive owner by
assignment of all rights, title, and interest in the '297 Patent, including the right to bring this suit
for damages, and including the right to sue and recover all past, present, and future damages for
infringement of the '297 Patent.  Defendant is not licensed to the '297 Patent, either expressly or
implicitly, nor do they enjoy or benefit from any rights in or to the '297 Patent whatsoever.  A
true and correct copy of the '297 Patent is attached hereto as **Exhibit F**.

19.     Each of the Patents-in-Suit is a member of the same patent family.

20.     The claims of the '297 Patent are directed to "[a]n authentication system for
enhancing computer network security."  Claim 1 of the '297 Patent recites:

Claim 1.   An authentication system for enhancing computer network security by
authenticating a user in an electronic communication between a computing device of the
user and an online computer system, the authentication system comprising one or more
computing devices configured to perform operations comprising:

while the online computer system is connected to the computing device of the user via a communication network, electronically receiving a request for a SecureCode;

generating the SecureCode;

while the online computer system is connected to the computing device of the user via the communication network, electronically providing to the user the SecureCode in response to the request for the SecureCode, wherein:

the SecureCode is invalid after a predetermined time passes,

the SecureCode is invalid after one use of the SecureCode for authentication, and

the SecureCode is only valid for authenticating the user; and

while the online computer system is connected to the computing device of the user via the communication network, electronically receiving from the online computer system a digital authentication request for authenticating the user, wherein:

the digital authentication request comprises a digital identity of the user, and

the digital identity includes the SecureCode; and

while the online computer system is connected to the computing device of the user via the communication network, authenticating the user by evaluating a validity of the SecureCode included in the digital authentication request.

21.     Method claims of the '129 Patent recite authentication methods.  Claim 1 of the

'129 Patent recites:

Claim 1 A computer implemented method to authenticate an individual in communication with an entity over a communication network during a communication between the entity and the individual, the computer implemented method comprising:

receiving electronically a request for a dynamic code for the individual, which request is received from the individual by a trusted-authenticators computer during an authentication of the individual by the entity:

calculating by the trusted-authenticators computer the dynamic code for the individual in response to the request during the authentication of the individual by the entity, wherein the dynamic code is valid for a predefined time and becomes invalid after being used;

sending by the trusted-authenticator's computer electronically the dynamic code to the individual during the authentication of the individual by the entity:

receiving by the trusted-authenticator's computer electronically an authentication request from the entity to authenticate the individual based on a user information and the dynamic code included in the authentication request, wherein the entity receives the user information and the dynamic code from the individual; and

authenticating by the trusted-authenticator's computer an identity of the individual based on the user information and the dynamic code included in the authentication request, wherein the result of the authentication is provided to the entity.

## INFRINGEMENT

22.     Defendant makes and provides the Guaranty System and Apparatus, (the Accused

Product) which as referenced herein includes at least the Guaranty mobile application available

for use on iOS and Android devices, and the internet website located at https://www.gnty.com/, as well as the back end systems and backbone which provides access and functionality to Guaranty and distributes content and authenticates users on Guaranty systems, the Accused Product infringes at least one claim of each of the Patents-in-Suit.

23.     Defendant has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the patents-in-suit, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Guaranty System.

24.     Plaintiff has conducted a detailed analysis, establishing and confirming, on information and belief, that Defendant's Guaranty System directly infringe, contribute to, and induce infringement and when used according to Defendant's instructions for operation, indirectly infringe claims of the Patents-in-Suit.

25.     The Guaranty System and/or method of operating the Guaranty System satisfies the elements of at least one claim of each of the asserted patents.

26.     For example, attached as **Exhibit G** to the Complaint is an exemplary claim chart demonstrating the correspondence of the operation of the Guaranty System with elements of claim 1 of the '297 Patent.  Although the claim chart relates specifically to the operation of the Guaranty System described in publicly available Guaranty documents, the allegations in the claim chart are applicable to all current and past embodiments of the Guaranty System.

27.     On information and belief, in addition to those features specifically addressed in the attached claim chart, Guaranty may also operate additional websites, mobile applications, and/or features or aspects of the Guaranty website or mobile application that also infringe the Patents-in-Suit.

28.     Upon information and belief, Defendant has directly infringed one or more of the claims of the Patents-in-Suit under 35 USC 271(a):

*(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

by engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States.

29.     Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations.

30.     As a result of Defendant's infringement of the Patents-in-Suit, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,281,129

31.     The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

32.     Defendant Guaranty has infringed, at least claims 1-52 of the '129 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

33.     Neither Defendant Guaranty nor its customers have a license or authority to use the '129 Patent.

34.     As a result of Defendant Guaranty's infringement of the '129 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,703,938

35.     The allegations of each of the paragraphs above are hereby re -alleged and incorporated herein by reference.

36.     Defendant Guaranty has infringed, at least claims 1-26 of the '938 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

37.     Neither Defendant Guaranty nor its customers have a license or authority to use the '938 Patent.

38.     As a result of Defendant Guaranty's infringement of the '938 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,727,864

39.     The allegations of each of the paragraphs above are hereby re -alleged and incorporated herein by reference.

40.     Defendant Guaranty has infringed, at least claims 1-15 of the '864 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

41.     Neither Defendant Guaranty nor its customers have a license or authority to use the '864 Patent.

42.     As a result of Defendant Guaranty's infringement of the '864 Patent, Plaintiff has suffered suffer damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,870,453

43.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

44.    Defendant Guaranty has infringed, at least claims 1-26 of the '453 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

45.    Neither Defendant Guaranty nor its customers have a license or authority to use the '453 Patent.

46.    As a result of Defendant Guaranty's infringement of the '453 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT V
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,083,285

47.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

48.    Defendant Guaranty has infringed, at least claims 1-30 of the '285 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

49.    Neither Defendant Guaranty nor its customers have a license or authority to use the '285 Patent.

50.    As a result of Defendant Guaranty's infringement of the '285 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## COUNT VI
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,769,297

51.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

52.    Defendant Guaranty has infringed, at least claims 1-29 of the '297 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Guaranty System in the United States.

53.    Neither Defendant Guaranty nor its customers have a license or authority to use the '297 Patent.

54.    As a result of Defendant Guaranty's infringement of the '297 Patent, Plaintiff has suffered damages in an amount not yet determined, of at least a reasonable royalty.

## PRAYER FOR RELIEF

A.    For a judgement declaring that Defendant has infringed each of the Patents-in-Suit.

B.    For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patents-in-Suit in an amount to be determined;

C.    For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

D.    For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. § 284, and a further award of post judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

E.      For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284; and

F.      For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Dated: March 10, 2025          Respectfully submitted,

/s/ Joseph J.  Zito
Joseph J.  Zito
DNL ZITO
1250 Connecticut Ave., NW #700
Washington, DC 20036
202-466-3500
jzito@dnlzito.com

Benjamin C. Deming
DNL ZITO
3232 McKinney Ave
Suite 500
Dallas, Texas 75204
bdeming@dnlzito.com

Attorneys for Plaintiff
Factor2 Multimedia Systems, LLC